BENILDE LAMPÓN, Plaintiff and Appellant, *v.* LÍNEA ROMERO, ETC., Defendants and Appellees.

No. 8399. Argued March 18, 1942.—Decided April 8, 1942.

*José C. Jusino* for appellant. *Miguel A. Muñoz* for appellees.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The lower court dismissed an action for damages brought by Benilde Lampón against Línea Romero and it is contended by the appellant herein that said court erred in taking into consideration evidence regarding an alleged view on which no written report (*acta*) was made, in weighing the evidence, and in rendering a judgment contrary to law.

■■ There is nothing in the record to show that the lower court made a report on the result of the view taken at the instance of the plaintiff; but there is no showing, either, that such question was raised in said court or that the court was asked to reconsider its judgment on the ground of error in the facts referred to by the trial judge, in his statement of the case and opinion, as having been established by said view. Such question is raised for the first time in this court, the attorney for the plaintiff stating in his brief what he claims to have actually occurred at the time of the taking of the view.

It is true that we have held that district courts, on taking a view, should reduce the result thereof to writing (*acta*), *Martínez* v. *Rodríguez*, 26 P.R.R. 5. However, both in the above-cited case and in *Figueroa* v. *Vives & Maxan*, 46 P. R.R. 235, we likewise held that where no motion for a new trial is filed or the facts show that the error was not prejudicial, a reversal does not lie. Under the attendant circumstances of the case at bar, the appellant ought to have moved for a reconsideration of the judgment or the granting of a new trial in the lower court so as to enable this court, from a consideration of the record, to determine whether the error assigned was incurred.

■ The other two assignments relate to the weighing of the evidence by the lower court which based its conclusions, in its opinion, as follows:

"Although the evidence is conflicting as regards the way in which the vehicle of the defendants was being driven, the court resolves

such conflict in favor of the defendants because, besides having observed upon the ground that the bus was traveling uphill, and it having been shown by the testimony of the witnesses for the defendants that said bus was traveling loaded with 17 or 18 passengers and could not, therefore, going uphill, move at high speed, the witnesses for the defendants stated that the bus in question was not being driven at an excessive speed, but rather slow, sounding the klaxon, all of which facts, when weighed in connection with those stated by the witnesses for the plaintiff, lead the court to adjust the conflict in question in the way already stated.

"Moreover, the court thinks that the preponderance of the evidence favors defendants' contention as to the way in which the accident occurred. Taking into account the preponderance of the evidence, the court reaches the conclusion that the driver of the bus owned by the defendants was suddenly met with an unexpected situation when coming face to face, at the entrance to a small bridge where there is a precipice as already described, with a car traveling in the opposite direction without any warning, as appears from the evidence, the driver of the bus being thus compelled to drive his vehicle as far as possible to the right so as to avoid a collision with the vehicle traveling in the opposite direction, thus preventing a real tragedy, for if the bus had collided with said car which was also traveling along the center of the road, as was shown by the evidence for the defendants, it would have fallen over the precipice, killing most certainly in this way all of its passengers.

"   *          *          *          *          *          *          *

"The court has likewise reached the conclusion from the whole evidence that the driver of said bus did all he could to avoid the collision against the right parapet of the small bridge, having struck it but lightly, all of which shows that he took proper care to avoid said collision, . . ."

We have read the transcript of the evidence and we think that the lower court did not err in believing the testimony of the witnesses for the defendants, and that the grounds on which it relied for dismissing the action are amply sustained by said evidence. Three of the witnesses involved were not at all connected with the defendants, since two of them were passengers traveling in the bus the same as the plaintiff, and the other was a roadman employed by the Department of

210

the Interior. Their testimony having been believed by the lower court, which is not charged by the appellant as having been moved by passion, prejudice, or bias, is sufficient to support the judgment rendered in this case.

The appeal must be denied and the judgment appealed from affirmed.

Mr. Justice Travieso did not participate herein.